IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BLAKE, <br><br>    Plaintiff, <br><br>v. <br><br>METROMILE, INC., DAN PRESTON, COLIN BRYANT, JOHN BUTLER, SANDRA CLARKE, RYAN GRAVES, and VIKAS SINGHAL, <br><br>    Defendants. | Case No. _____ <br><br><u>JURY TRIAL DEMANDED</u> <br><br><u>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934</u> |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On November 8, 2021, Metromile Inc. ("Metromile" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Lemonade, Inc. ("Parent"), Citrus Merger Sub A, Inc. ("Merger Sub A") and Citrus Merger Sub B, LLC Corporation ("Merger Sub B," and together with Parent and Merger Sub A, "Lemonade") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Metromile's stockholders will receive 0.05263 shares of Parent common stock per share.

3. On December 29, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Metromile common stock.

9. Defendant Metromile is a Delaware corporation. Metromile's common stock is traded on the NASDAQ under the ticker symbol "MILE."

10. Defendant John Butler is Chairman of the Board of Directors of Metromile (the "Board").

11. Defendant Dan Preston is Chief Executive Officer and a member of the Board.

12. Defendant Colin Bryant is a member of the Board.

13. Defendant Sandra Clarke is a member of the Board.

14. Defendant Ryan Graves is a member of the Board.

15. Defendant Vikas Singhal is a member of the Board.

16. Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

17. Metromile is a leading digital insurance platform in the United States.

18. Metromile offers real-time, personalized auto insurance policies by the mile instead of the industry's reliance on approximations that have historically made prices unfair.

19. On November 8, 2021, Metromile's Board caused the Company to enter into the Merger Agreement with Lemonade.

20. The press release announcing the Proposed Merger provides as follows:

Lemonade (NYSE: LMND) the insurance company powered by AI and social good, and Metromile (NASDAQ: MILE, Ml LEW), the data science company focused on auto insurance, have entered into a definitive agreement pursuant to which Lemonade will acquire Metromile in an all-stock transaction that implies a fully diluted equity value of approximately $500 million, or just over $200 million net of cash. Under the terms of the transaction, Metromile shareholders will receive Lemonade common shares at a ratio of 19:1.

While Lemonade has been at the forefront of using big data and AI in home and pet insurance, Metromile has been trailblazing a parallel path for car insurance. Metromile's car-mounted precision sensors took over 400 million road trips in recent years, covering billions of miles and sending real-time streams to the Metromile cloud. These were cross referenced with actual claims data, yielding precise predictions for losses per mile driven. These algorithms hold the promise of propelling Lemonade Car from a newcomer in the car insurance space to its vanguard.

"We launched Lemonade Car lastweek, and we think you'll love how it looks and handles. Pop the hood and you'll see that it's powered by telematics and architected to learn from the data it generates, with precision pricing as its ultimate destination," said Daniel Schreiber, Lemonade CEO and cofounder. "That's where Metromile comes in. They have been down this road billions of times, and their proprietary data and machine learning algorithms can vault us over the most time and cost intensive parts of the journey. In a vast and competitive market like auto insurance, today's deal is a huge unlock of value for our customers and shareholders."

Metromile enjoys 49 state licenses, over $100 million of seasoned in-force premium (IFP), over $250 million of cash on the balance sheet, and a team unmatched for their expertise in harnessing big data and Al for car insurance.

"We've long admired Lemonade for its beautiful products, world-class customer experience, unprecedented growth, and socially-impactful business model," said Dan Preston, CEO of Metromile. "The data science-driven technology platform we built created fairer and more individualized car insurance for consumers in an industry marred by vast inequities. Joining forces with Lemonade Car will create the most customer-centric, fair, and affordable car insurance, and is a great outcome for Metromile shareholders, who will benefit as shareholders of the combined company. It also means that now, homeowners, renters, and drivers alike can have all of their insurance needs with a single company that truly has their best interests at heart."

The transaction is expected to close during Q2 2022, once all regulatory approvals have been secured. The transaction requires the approval of Metromile stockholders, and is subject to other customary closing conditions.

21. On December 29, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

22. The 424B3 fails to disclose material information regarding Metromile's and Lemonade's financial projections.

23. Regarding the "July Metromile Forecasts," the 424B3 fails to disclose: (i) projected net income; (ii) projected EBITDA; (iii) projected unlevered free cash flow; and (iv) all underlying line items.

24. Regarding the "October Metromile Forecasts," the 424B3 fails to disclose: (i) projected net income; (ii) projected EBITDA and all underlying line items; and (iii) all line items used to calculate unlevered free cash flow.

25. Regarding the "Extrapolated Lemonade Forecasts," the 424B3 fails to disclose: (i) projected net income; and (ii) all line items used to calculate unlevered free cash flow and EBITDA.

<u>Financial Analyses</u>

26. The 424B3 fails to disclose material information regarding the financial analyses conducted by Allen & Company LLC ("Allen & Company").

27. Regarding Allen & Company's Selected Public Companies Analyses for Metromile and Lemonade, the 424B3 fails to disclose the individual multiples for the companies.

28. Regarding Allen & Company's Selected Precedent Transactions Analysis, the 424B3 fails to disclose the individual multiples for the transactions.

29. Regarding Allen & Company's Discounted Cash Flow Analysis for Metromile, the 424B3 fails to disclose: (i) the inputs and assumptions underlying the discount rates; (ii) the terminal values; (iii) Allen & Company's basis for applying the range of net operating profit after-tax multiples; and (iv) the potential tax benefit of Metromile's net operating losses.

30. Regarding Allen & Company's Discounted Cash Flow Analysis for Lemonade, the 424B3 fails to disclose: (i) the inputs and assumptions underlying the discount rates; (ii) the terminal values; (iii) Allen & Company's basis for applying the range of net operating profit after-tax multiples; and (iv) the potential tax benefit of Lemonade's net operating losses.

**COUNT I**

**Claim Against the Individual Defendants and Metromile for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33. Metromile is liable as the issuer of these statements.

34. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

35. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

36. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

38. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Metromile within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of Metromile and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements

contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

47. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

  A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

  B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

  C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: January 13, 2022       **GRABAR LAW OFFICE**

             By: *[signature]*
             Joshua H. Grabar (#82525)
             One Liberty Place
             1650 Market Street, Suite 3600
             Philadelphia, PA 19103
             267-507-6085
             jgrabar@grabarlaw.com

             *Counsel for Plaintiff*